Tobin *v.* Crafton, Appellant.
Mangan *v.* Milne et al., Appellants.

Argued April 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James H. Joseph,* for appellants.

No appearance entered nor brief submitted for appellees.

OPINION BY PRICE, J., June 21, 1974:

These cases involve the striking by the lower court of appellants' appeals from judgments of a District Magistrate. The record before us discloses that at sometime prior to January 3, 1974, appellees, Frances E. Tobin and Zayda Mangan, commenced their actions. On January 3, 1974, the District Magistrate entered judgments in favor of appellees against appellants. On February 8, 1974, appellants filed appeals in both of these cases with the Court of Common Pleas of Allegheny County. On February 14, 1974, appellees, per se, filed petitions to strike and/or dismiss the appeals and these motions were set for argument on February 22, 1974, at which time a Per Curiam order was entered in both cases dismissing the appeals. It is from those orders that appellants filed these appeals.

Although there is no opinion from the lower court, nor has there been a brief filed on behalf of appellees, it is apparent that the lower court's order is based upon Pa.R.C.P.J.P. 1002 which provides that a party aggrieved by a judgment of a Justice of the Peace may appeal therefrom within twenty days from the date of the judgment, and the appeals in this case, having been filed beyond the twenty days, were subject to being stricken. We reach this conclusion based on the content of appellees' motions, which rest solely on this contention.

Unfortunately, the record in this case reveals only those facts recited above. Although the appellants have presented very lengthy and excellent arguments, their arguments and the merits of their appeal depend upon facts presented in their history of the case, which are

not of record and, therefore, not properly before us. For instance, although the record discloses that the District Magistrate entered judgments on January 3, 1974, we cannot ascertain from the record whether or not appellants were present and, although we were told they were not, this fact is essential to the application of Pa.R.C.P.J.P. 324, which provides that "the Justice of the Peace shall promptly give to the parties written notice of judgment, dismissal, stay or continuance, except as to parties to whom notice was given publicly at the time of the hearing."

We know that appellants filed their appeal from the judgments on February 8, 1974, but we do not know whether, if they were not present at the hearing, they were given prompt written notice of the judgments. We are told that on either January 22 or 23, 1974, two notices were received by counsel for the appellants advising that judgments had been entered against them on January 3, 1974. This does not appear of record.

We know that appellants' appeals were filed in the lower court on the 36th day from the date of the judgments entered against them. We are thus faced with two appeals from orders of the lower court which, upon this record, are perfectly proper.

It is certainly true, as argued by appellants, that a Justice of the Peace *must* give prompt notice in writing of any judgment entered against any party in a proceeding before him unless that party was present at the hearing. It is equally true that prompt notice *must* be construed so that any party aggrieved by a judgment may have such notice in time to perfect an appeal to the Court of Common Pleas within twenty days from the date of judgment. To construe Pa.R.C.P.J.P. 324 in any other manner would be to give an interpretation to the rules that is clearly unintended, for the result would be a denial of the right to appeal.

We believe that a proper procedure in instances such as those presented in these appeals would be the development of a record from which a proper determination may be made, either by an evidentiary hearing in the lower court or by petition and answer, with affidavits, interrogatories, depositions, or any other evidence relevant to the issues.

In the appeals now before us we must conclude that the appellees' motions to strike are perfectly proper and on their face set forth adequate grounds to support the dismissals of the appeals as ordered by the lower court. The facts therein contained are supported by the record. It was, therefore, the burden of the appellants, by answer to these motions, to frame an issue and develop a record which would support good cause in the lower court to allow their late appeal. This they failed to do. Therefore, these appeals, too, must fail.

The order of the lower court entered February 22, 1974 in both of these cases is affirmed.

CERCONE, J., concurs in the result.